UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
ALBERT WATSON,                                      :   Case No.
                                                    :
    Plaintiff,                                  :   COMPLAINT
                                                    :
                                                    :   JURY TRIAL DEMANDED
    vs.                                         :
                                                    :
COMPAGNIE FINANCIÉRE RICHEMONT SA,                  :
and RICHEMONT NORTH AMERICA INC.                    :
                                                    :
    Defendants.                                 :
---------------------------------------------------------------- X

Plaintiff Albert Watson by and through his attorneys, McCue Sussmane Zapfel Cohen & Youbi, P.C., as and for their Complaint against Defendants, allege upon information and belief as follows:

## JURISDICTION, VENUE AND THE PARTIES

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 in that a controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §101 et. seq.).

2. Plaintiff Albert Watson resides in New York, New York.

3. Upon information and belief, Defendant Compagnie Financiére Richemont SA is a Swiss company with offices at 50 Chemin de la Chênaie, CP30, 1293 Bellevue, Geneva, Switzerland.

4. Defendant Richemont North America Inc. is a Delaware corporation with office at 645 Fifth Avenue, 5th Floor, New York, New York 10022.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**GENERAL ALLEGATIONS**

6.  Plaintiff is one of the world's most successful and prolific photographers, blending art, fashion and commercial photography into some of the most iconic images ever seen.

7.  Plaintiff's striking photographs and stunning hand-made prints are featured in galleries and museums around the globe.

8.  Plaintiff's photographs have appeared on more than 100 covers of Vogue worldwide.

9.  *Photo District News* named Plaintiff one of the 20 most influential photographers of all time.

10. In 1992, Plaintiff took a photograph of a celebrity superimposed over a photograph of a leopard ("Plaintiff's Work").

11.  Plaintiff's Work was published in the book titled *Cyclops – Albert Watson.* All photographs in the book, including Plaintiff's Work, were duly registered on November 14, 1994, with the United States Copyright Office as evidenced by U.S. Copyright Registration number VA0000672160 (the "Registration").

12.  Plaintiff's Work is famous and iconic and is a part of Plaintiff's private collection and has never been used for commercial purposes.

13.  Plaintiff has sold single framed and signed versions of Artists' Work to collectors for as much as $100,000.

14.  Plaintiff has received and rejected numerous highly lucrative offers for use of Plaintiff's Work for advertising campaigns.

15.  Plaintiff rejected such offers because such offers would have destroyed the value of Plaintiff's Work and other works of Plaintiff that are not available for commercial purposes.

16. At all times pertinent hereto, Plaintiff has complied with all of the provisions of the Copyright Laws of the United States applicable to Plaintiff's Work and has been and still is, the proprietor of the copyright in Plaintiffs' Work, and duly possesses all rights, title and interests therein.

17. Defendants are the owners of the Cartier jewelry brand and a brand known as Cartier Art.

18. From August 26, 2016 through September 4, 2016, an art festival was held in St. Moritz, Switzerland known at St. Moritz Art Masters (the "Art Festival").

19. The Art Festival featured and honored the works of Plaintiff.

20. Plaintiff allowed the Art Festival the limited right to reproduce six of Plaintiff's famous portraits, including Plaintiff's Work, only on a poster to promote the Art Festival. None of the portraits had ever been licensed for commercial purposes.

21. Plaintiff allowed the Art Festival to reproduce an image of Plaintiff and use Plaintiff's name only on a poster to promote the Art Festival.

22. Plaintiff appeared at the Art Festival and signed the publicity posters which were given to attendees as prizes.

23. Plaintiff did not grant permission to anyone to use any of the images on the poster or Plaintiff's name and likeness for any other purpose.

24. The Art Festival was partially sponsored by Defendants.

25. Defendants inquired to Plaintiff's agents about the use of the Plaintiff's Work to advertise Defendants products, as leopards are widely used by Defendants as symbols of their brands. Such request was rejected and Defendants were informed that Plaintiff's Work was not available for commercial use at any price.

26. Without receiving any authorization, consent or approval from Plaintiff, Defendants copied Plaintiff's Work and reproduced and published Plaintiff's Work in print advertisements for Defendants (the "Infringing Ads").

27. The Infringing Ads included the "Cartier" logo and "Cartier-Art" logo at the top and bottom of the page respectively.

28. The Infringing Ads included the photograph of Plaintiff as well as Plaintiff's name.

29. The Infringing Ads appeared on the full back cover of *Ideabooks* magazines published from February 2017 through the summer of 2017.

30. According to Defendant, *Ideabooks* is a very prominent publication in Art and Photography.

31. *Ideabooks* is widely read by collectors of photography such as Plaintiff's Work.

32. *Ideabooks* is read by and circulated throughout the world and distributed to important libraries, books stores, leading hotels and other locations in the United States.

33. *Ideabooks* bearing the Infringing Ad as the back cover, was distributed on the internet and was emailed to readers in the United States.  Digital copies of *Ideabooks* with the Infringing Ads were be downloaded by the readers in the United States at https://wetransfer.com/downloads/11a9e037e9c1f7fe1d88b8fb0b69fdaf20170410105751/ee577b9690594d3d9a.

34. On May 13 and 14, 2017, copies of *Ideabooks* with the Infringing Ads were obtained from Rizzoli bookstore in New York, New York.

35. The copying of Plaintiffs' Work was carried out and done by Defendants without permission from Plaintiff.

36. Defendants have admitted that they failed to secure the consent or agreement of Plaintiff.

37. Plaintiff made multiple demands to Defendants to cease and desist from the unauthorized use of Plaintiffs' Work.

38. Defendants have each infringed upon Plaintiffs' copyright.

39. Defendants' publication of Plaintiff's Work in the Infringing Ads has destroyed the value of Plaintiff's Work as collectible artwork.  Plaintiff has received no requests for Plaintiff's Work since the publication of the Infringing Ads by Defendants.

**FIRST CLAIM FOR RELIEF**

40. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants have knowingly and intentionally infringed the statutory copyright in Plaintiffs' Work, including copying; making and distributing or authorizing the making and distribution of the Infringing Work to advertise and promote Defendants and Defendants' products; and participating in and furthering such infringing acts, or sharing in the proceeds therefrom, all through substantial use of Plaintiffs' Work in the Infringing Ads.

42. The Infringing Ads were published by Defendants throughout the world, including the United States to promote sales of Defendants' products in direct violation of Plaintiff's copyright.

43. As a result of Defendants' infringement in the United States, the Court has subject matter jurisdiction over Defendants' extraterritorial acts.

44. Defendants' infringing acts were committed willfully.

45. Plaintiffs have no adequate remedy at law.

46. Plaintiffs have incurred actual damages in an amount to be proven at trial, but no event less than $25,000,000, plus additional damages Copyright Act Section 504(d), costs, attorneys' fees and interest as allowed by law.

**SECOND CLAIM FOR RELIEF**

47.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48.  Defendants published Plaintiff's name and photograph in the Infringing Ads without Plaintiffs' written consent.

49. Defendants used Plaintiff's name and photograph for advertising and trade purposes in New York by publishing the Infringing Ads for their brands and products in magazines.

50. The Magazines bearing the Infringing Ads as their back covers were distributed by Defendants in New York.

51. Defendants have violated Section 50 and 51 of the New York State Human Rights Law.

52. Plaintiffs have incurred actual damages in an amount to be proven at trial, but in no event less than $25,000,000, plus punitive damages, attorneys' fees and interest, as allowed by law.

WHEREFORE, Plaintiff demands judgment as follows:

On the First Claim:

a. That Defendants and their respective agents, servants and representatives be enjoined during the pendency of this action and permanently from infringing Plaintiffs' copyright in any manner;

b. That Defendants be required to account for all gains, profits and advantages, derived by Defendants from each of their infringements of the copyright;

c. That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained, or such other and further damages as this Court shall deem proper within the provisions of the Copyright Law, but in no event less than $25,000,0000 plus additional damages under Copyright Act Section 504(d), plus costs of this action, attorneys' fees and interest;

d. That Defendants be required to deliver upon oath, all infringing copies be impounded during the pendency of this action;

On the Second Claim:

a.  That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained, or su

b.  ch other and further damages as this Court shall deem proper within the provisions of New York law, but in no event less than $25,000,0000 plus punitive damages plus costs of this action and reasonable attorneys' fees and interest; and

That the Court award Plaintiff such other and further relief as the Court deems just and proper.

Dated this 22 day of January, 2018

By: _____
Kenneth Sussmane (KS 9301)
McCue Sussmane Zapfel Cohen & Youbi, P.C.
Attorneys for Plaintiff
500 Fifth Avenue, 30th Floor
New York, New York 10110
Telephone: (212) 931-5500
ksussmane@mszpc.com