

151 West 42nd Street, 17th Floor
New York, NY 10036

February 11, 2021

**BY ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
500 Pearl Street, Room 702
New York, NY 10007

> The parties' joint letter-motion (ECF No. 86) is GRANTED as follows:
>
> 1. The Telephone Conference scheduled for February 16, 2021 at 10:00 am is ADJOURNED sine die;
>
> 2. The March 1, 2021 Settlement Conference shall proceed via video conference (Zoom, Microsoft Teams, or another comparable and secure platform);
>
> 3. The parties' proposed representatives are acceptable and in accordance with the Court's practices.
>
> The Clerk of Court is respectfully directed to close ECF No. 86.
>
> SO-ORDERED 2/11/2021
>
> SARAH L. CAVE
> United States Magistrate Judge

Re:   *Watson v. Richemont North America, Inc., et al.*, Case No. 1:18-cv-00547-PGG-SLC

Dear Judge Cave:

We are counsel to Defendants Richemont North America, Inc. and Richemont International, SA (together, "Defendants").

We write jointly with counsel for Plaintiff pursuant to Rule I(E) of Your Honor's Individual Practices and the Court's February 9, 2021 Settlement Conference Scheduling Order, (i) to request an adjournment of the telephonic status conference with the Court currently scheduled for February 16, 2021 at 10 a.m., (ii) to seek the Court's approval to conduct the March 1, 2021 settlement conference scheduled with the Court via a Zoom or Microsoft Teams video-teleconference service, and (iii) to seek the Court's approval of the proposed representatives of Defendants and Plaintiff that will be attending the settlement conference to ensure compliance with Paragraph 7 of the Court's Standing Order Applicable to Settlement Conferences.

A.   <u>Motion to Adjourn the February 16, 2021 Status Conference With the Court</u>

Pursuant to Your Honor's October 19, 2020 Case Management and Scheduling Order, (ECF Dkt. No. 80), there is a telephonic status conference scheduled between the Parties and the Court next Tuesday, February 16, 2021 at 10:00 am.

In light of the fact that the Parties are now scheduled to have a settlement conference with the Court on March 1, 2021 (*see* ECF Dkt. No. 85), the Parties respectfully request that the February 16th status conference either be cancelled or adjourned to March 1, 2021 such that in the event the case does not settle at the conference, the Parties and the Court can discuss the status of the case and next steps at that time.

The Honorable Sarah L. Cave
February 11, 2021
Page 2

**B.    The Parties Request that the Settlement
       Conference Be Conducted Through a Video-Teleconferencing Service**

Pursuant to the Court's February 9, 2021 Settlement Conference Scheduling Order, the parties jointly request that the March 1, 2021 Settlement Conference be conducted through Zoom or Microsoft Teams.

Plaintiff's counsel has offered to handle setting up the Zoom or Microsoft Teams video conference details (including having separate break out rooms for Defendants and Plaintiff), and the Parties will submit the video conference details to the Court at least one week before the March 1, 2021 settlement conference.

**C.    Representatives of the Parties Attending the Settlement Conference**

Paragraph 7 of Your Honor's Standing Order Applicable to Settlement Conferences states the each of the Parties "must send to the conference the person ultimately responsible within the organization for giving settlement authority, not someone who has received authority from someone else."

For Defendants, there will be an in-house attorney with final settlement authority for both Defendants up to a certain dollar value.  She will have that authority and will not need to call or check with anyone else in the event the Parties reach a settlement.  But, in short, there is no one single person at Defendants "ultimately responsible within the organization for giving settlement authority"—since such decisions are made collectively among various executives (including the in-house counsel who will be attending).

For Plaintiff, the Plaintiff Albert Watson himself will not be attending the settlement conference. Rather, his long-time agent, who has full authority to settle this case, will be attending on Plaintiff's behalf.

The Parties wish to confirm that the above complies with Paragraph 7 of the Court's Standing Order.

If the Court has any questions about the above, the Parties are of course available and the Court should not hesitate to reach out to counsel.  On behalf of the Parties, we look forward to speaking with the Court on March 1, 2021 at the settlement conference.

Respectfully yours,

*s/ John P. Margiotta*

John P. Margiotta

cc:  Ken Sussmane, Esq.  (Counsel for Plaintiff—by ECF and email)

{F3896070.1 }